

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print      Logon

## 18SL-AC05268 - RICHARD ANDRE V LVNV FUNDING, LLC ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Sort Date Entries:** ⦿ Descending   ◯ Ascending     **Display Options:** [ All Entries ▾ ]

---

**05/01/2018**    **Corporation Served**
Document ID - 18-ASOS-537; Served To - ALLTRAN FINANCIAL, LP; Server - ; Served Date - 23-APR-18; Served Time - 14:34:00; Service Type - Special Process Server; Reason Description - Served

**Notice of Service**
Affidavit of Service - Alltran Financial, LP.
   **Filed By:** RICHARD ANTHONY VOYTAS Jr.
   **On Behalf Of:** RICHARD ANDRE

**04/24/2018**    **Corporation Served**
Document ID - 18-ASOS-536; Served To - NATIONS RECOVERY CENTER, INC.; Server - ; Served Date - 20-APR-18; Served Time - 12:43:00; Service Type - Special Process Server; Reason Description - Served

**Notice of Service**
Affidavit of Service - Nations Recovery Center, Inc.
   **Filed By:** RICHARD ANTHONY VOYTAS Jr.
   **On Behalf Of:** RICHARD ANDRE

**04/17/2018**    **Summ Req-Assc Pers Serv**
Request for Appointment of Special Process Server Filed.

**Motion Special Process Server**
Amended Motion to Appoint Special Process Server.
   **Filed By:** RICHARD ANTHONY VOYTAS Jr.
   **On Behalf Of:** RICHARD ANDRE

**Summ Issd- Assc Pers Serv O/S**
Document ID: 18-ASOS-537, for ALLTRAN FINANCIAL, LP. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summ Issd- Assc Pers Serv O/S**
Document ID: 18-ASOS-536, for NATIONS RECOVERY CENTER, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summ Issd- Assc Pers Serv O/S**
Document ID: 18-ASOS-535, for LVNV FUNDING, LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Hearing Scheduled**
   Scheduled For: 05/30/2018;  9:00 AM ;   JOSEPH L. GREEN;  St Louis County

**04/13/2018**    **Hearing Continued/Rescheduled**
   Hearing Continued From: 04/18/2018;  9:00 AM Hearing

**Summons Returned Non-Est**

EXHIBIT A

Document ID - 18-ASOS-363; Served To - NATIONS RECOVERY CENTER, INC.; Server - ; Served Date - 13-APR-18; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Non-est

**Motion Special Process Server**
Motion to Appoint Special Process Server.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.
    **On Behalf Of:** RICHARD ANDRE

**Alias Summons Requested**
Request Alias Summonses; Exhibit 1; Exhibit 2; Exhibit 3.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.

**Summons Returned Non-Est**
Document ID - 18-ASOS-362; Served To - LVNV FUNDING, LLC; Server - ; Served Date - 13-APR-18; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Non-est

**Summons Returned Non-Est**
Document ID - 18-ADSM-5771; Served To - ALLTRAN FINANCIAL, LP; Server - ; Served Date - 13-APR-18; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Non-est; Service Text - SUMMONS NOT DELIVERED TO DEFENDANT'S AGENT

| | |
|---|---|
| 04/11/2018 | **Judge/Clerk - Note** |

| | |
|---|---|
| 03/29/2018 | **Alias Summons Requested** |

Request Alias Summons; Motion to Appoint Special Process Server.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.
    **On Behalf Of:** RICHARD ANDRE

| | |
|---|---|
| 03/12/2018 | **Summons Issued-Associate** |

Document ID: 18-ADSM-5771, for ALLTRAN FINANCIAL, LP. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. Please DO NOT forward your summons to the St Louis County Sheriff Department unless within 3 days of the issue date printed on the summons. Failure to follow these instructions may result in your summons being returned.

**Summons Issued-Associate**
Document ID: 18-ASOS-363, for NATIONS RECOVERY CENTER, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. Please DO NOT forward your summons to the St Louis County Sheriff Department unless within 3 days of the issue date printed on the summons. Failure to follow these instructions may result in your summons being returned.

**Summons Issued-Associate**
Document ID: 18-ASOS-362, for LVNV FUNDING, LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. Please DO NOT forward your summons to the St Louis County Sheriff Department unless within 3 days of the issue date printed on the summons. Failure to follow these instructions may result in your summons being returned.

**Hearing Scheduled**
    **Associated Entries: 04/13/2018 - Hearing Continued/Rescheduled**
    **Scheduled For:** 04/18/2018;  9:00 AM ;  JOSEPH L. GREEN;  St Louis County

| | |
|---|---|
| 02/14/2018 | **Filing Info Sheet eFiling** |

    **Filed By:** RICHARD ANTHONY VOYTAS Jr.

**Motion Special Process Server**
Motion to Appoint Special Process Server.
    **Filed By:** RICHARD ANTHONY VOYTAS Jr.
    **On Behalf Of:** RICHARD ANDRE

**Pet Filed in Associate Ct**
Petition.

**Judge Assigned**
36W



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. GREEN | Case Number:  18SL-AC05268 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD ANDRE<br><br>Defendant/Respondent:<br>LVNV FUNDING, LLC | Plaintiff's/Petitioner's Attorney/Address or<br>Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS Jr.<br>12444 POWERSCOURT DRIVE<br>SUITE 370<br>ST LOUIS, MO  63131<br>(314) 394-0605 |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>**18-APR-2018 09:00 AM**<br>**RM. 283 NORTH, DIV 36W**<br>**ST LOUIS COUNTY COURT BUILDING**<br>**105 SOUTH CENTRAL AVENUE**<br>**CLAYTON, MO  63105** |

vs.

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to:  LVNV FUNDING, LLC
Alias:
**801 ADLAI STEVENSON DRIVE**
**SPRINGFIELD, IL  62703**

You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

————03-12-2018————
Date

_____
Clerk

Further Information:
**HB**

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

|        |        |
|--------|--------|
| *(Seal)* | **Subscribed and Sworn to** before me this _____ (date). |
|        | I am: (check one)  ☐ the clerk of the court of which affiant is an officer. |
|        | ☐ the judge of the court of which affiant is an officer. |
|        | ☐ authorized to administer oaths in the state in which the affiant served the above summons.  (use for out-of-state officer) |
|        | ☐ authorized to administer oaths.  (use for court-appointed server) |

_____
Signature and Title

**Summons Fees, if applicable**

| Summons  | $ _____ |
|----------|------------------------|
| Non Est  | $ _____ |
| Mileage  | $ _____ (_____ miles @ $ ._____ per mile) |
| **Total** | $ _____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (7-09) SM70 (ASOS) *For Court Use Only:* **Doc ID#  18-ASOS-362**  2 of 3  **(18SL-AC05268)**   Rules 54.06, 54.07, 54.14, 54.20;

506.500, 506.510, 517.041 RSMo

### Directions to Clerk

Personal service outside the State of Missouri is permitted only on the conditions set out in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the motion and/or petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion and/or petition may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff/Petitioner has no attorney, Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate field in the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-09) SM70 (ASOS) *For Court Use Only: Doc ID#* **18-ASOS-362** 3 of 3 **(18SL-AC05268)** Rules 54.06, 54.07, 54.14, 54.20;

506.500, 506.510, 517.041 RSMo

**18SL-AC05268**

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | | |
|---|---|---|
| RICHARD ANDRE | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Cause No |
| v. | ) | |
| | ) | Division |
| LVNV FUNDING, LLC | ) | |
| | ) | |
| Serve at: | ) | |
| Illinois Corporation Service Co. | ) | |
| 801 Adlai Stevenson Drive | ) | |
| Springfield, IL 62703 | ) | |
| | ) | |
| NATIONS RECOVERY CENTER, INC. | ) | |
| | ) | |
| Serve at: | ) | |
| Illinois Corporation Service Co. | ) | |
| 801 Adlai Stevenson Drive | ) | |
| Springfield, IL 62703 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALLTRAN FINANCIAL, LP | ) | |
| | ) | |
| Serve at: | ) | |
| CT Corporation System | ) | |
| 120 S. Central Ave. | ) | |
| St. Louis, MO 63105 | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | JURY TRIAL DEMANDED |

## PETITION

COMES NOW Plaintiff and states as follows:

1

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

**INTRODUCTION**

1.      This is an action for actual and statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      This is also an action for abuse of process.

3.      Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION**

4.      This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff in St. Louis County, Missouri. Plaintiff suffered the harms described herein in at his residence in St. Louis County, Missouri. Venue is also proper in St. Louis County, Missouri for this reason.

**PARTIES**

5.      Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

6.      The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.  Specifically, the alleged debt arose from a consumer credit card account that Plaintiff allegedly incurred with Sears.

7.      Plaintiff never had a Sears card, and he has never owed the debt.

8.      At all times relevant, Plaintiff has actively and consistently disputed the debt in its entirety.

2

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

9.      Defendant Nations Recovery Center, Inc ("NRC") is a foreign corporation with its principal place of business outside of Missouri.

10.     Defendant LVNV Funding LLC ("LVNV") is a foreign limited liability company with its principal place of business outside of Missouri.

11.     Defendant Alltran Financial, LP ("AF") is a foreign entity with its principal place of business outside of Missouri.

12.     The principal business purpose of each of NRC, AF, and LVNV is the collection of debts in Missouri and nationwide.

13.     Furthermore, each of NRC, AF, and LVNV regularly attempt to collect debts alleged to be due another.

14.     Each of NRC, AF, and LVNV is engaged in the collection of debts from consumers using the mail and telephone.

15.     Thus, under either of the two definitions of "debt collector" contained in the relevant statute, NRC, AF, and LVNV are each a "debt collector" as defined by the FDCPA.  15 U.S.C. § 1692a(6).

## FACTS

16.     Prior to November 2007, LVNV purchased a Sears debt allegedly owed by a "Richard T. Andre."

17.     Based on easily accessible public information, there are two persons named "Richard T. Andre" who reside in St. Louis, Missouri.

18.     Plaintiff was born in 1935 and has resided at all times relevant in St. Louis

3

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

County.

19.     Plaintiff, age 82, has been retired for many years and never worked at "Ace Metal."

20.     Plaintiff has never resided at 2129 Hecht in St. Louis.

21.     The "other" Richard T. Andre, born in 1962, has a long history of collection lawsuits filed against him and resides at 2129 Hecht in St. Louis.

22.     Most of the collection suits filed against the "other" Richard T. Andre have been for naught; collectors have recovered virtually nothing from the "other" Richard T. Andre.

23.     In November 2007, LVNV sued Plaintiff in St. Louis County in an effort to collect the alleged debt.

24.     LVNV sued the wrong person.

25.     LVNV had the 2129 Hecht service address for Plaintiff--this was in fact the address of the "other" Richard T. Andre.

26.     LVNV had, at all times relevant to this action, the social security number and date of birth of the Richard T. Andre who may have been connected with the debt.  LVNV knew that the true debtor resided at the Hecht address and was born in 1962.

27.     The "other" Richard T. Andre was able to evade LVNV's service attempts such that on February 6, 2008 LVNV was forced to file a "non-est" return of service.

28.     This made LVNV angry.

29.     LVNV then found another Richard T. Andre, Plaintiff, in St. Louis and made the decision to pursue Plaintiff even though it knew Plaintiff was not born in 1962 and Plaintiff did

4

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

not have the same social security number as the alleged debtor.

30.     Upon information and belief, LVNV decided to pursue Plaintiff because it knew that Plaintiff was an elderly person who was unlikely to put up much of a fight.

31.     LVNV never served Plaintiff or anyone else.

32.     LVNV, without obtaining service on any party, took a default judgment against Plaintiff on June 26, 2008. This was completely unbeknownst to Plaintiff.

33.     Upon information and belief and based off a review of Case.net records, LVNV obtained the judgment in the congested collections docket of the Honorable Judy Preddy Draper in St. Louis County Associate Circuit Court by misrepresenting that it had in fact obtained service on Plaintiff, even though it never obtained service.

34.     At all times relevant, LVNV has always known that its judgment is void because it was procured through fraud when LVNV falsely represented to the Court that it had obtained personal service on Plaintiff.

35.     Subsequently, LVNV tried to garnish Plaintiff at "Ace Metal" from October 10, 2012 through the present date. On multiple occasions in that time frame, LVNV represented to Ace Metal that Plaintiff was the debtor on the judgment. LVNV sent garnishment documents to LVNV repeatedly in this timeframe that specified that Plaintiff (and listing Plaintiff's true address) was indebted to LVNV.

36.     These statements were false and defamatory and cast Plaintiff in a negative light because they portrayed Plaintiff as a "deadbeat."

37.     In June of 2013, after having failed to garnish any money from Plaintiff, LVNV

5

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

hired NRC to work as LVNV's collection agent.

38.     LVNV provided NRC, upon information and belief, with information about the debt including the true debtor's birth date and social security number, such that NRC should have easily detected that LVNV was asking NRC to pursue the wrong "Richard T. Andre."

39.     NRC knew or should have known that it was pursuing the wrong "Richard T. Andre," and NRC knew or should have known from the public record that the purported judgment was fraudulently obtained due to the lack of service.

40.     Nonetheless, NRC launched a collection campaign against Plaintiff.

41.     On June 13, 2017 NRC sent its initial collection letter to Plaintiff and commenced telephone conversations with Plaintiff shortly thereafter. NRC sought to collect a balance of more than $4,000 from Plaintiff.

42.     In one of these conversations shortly after June 13, 2017, NRC told Plaintiff that if he did not pay the debt NRC would put a "lien" on Plaintiff's bank accounts and his home and take the money from Plaintiff without Plaintiff's consent.

43.     This was a lie.

44.     NRC intended to take no such action because, upon information and belief, it knew or should have known that it was pursuing the wrong person.

45.     NRC never did take any such action against Plaintiff.

46.     Plaintiff properly disputed the debt with NRC, such that NRC was forced, for a time, to cease collection efforts while it attempted to resolve Plaintiff's dispute and validate the debt.

6

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

47.     In December of 2017, NRC provided Plaintiff with a one-page printout from Case.Net that showed the entry of a judgment but did not contain a copy of the judgment itself.

48.     The amount of the judgment was thousands less than the amount NRC was seeking from Plaintiff, and thus NRC failed to validate the debt and NRC did not resolve Plaintiff's dispute.

49.     NRC, having accessed Case.net, now knew firsthand that it was trying to collect from the wrong person and that LVNV had fraudulently obtained the judgment without service on Plaintiff or on anyone else.

50.     LVNV, rather than validate the debt or resolve the dispute, simply pulled the debt from NRC and placed it with a new collection agency, AF.

51.     Upon information and belief, AF knew everything about the debt that LVNV and NRC knew--namely that Plaintiff was not the debtor and that the judgment was procured via fraud.

52.     Nonetheless, AF began an aggressive collections campaign against Plaintiff and sent Plaintiff its initial collection letter on January 11, 2018.

53.     AF's initial collection letter informed Plaintiff that he had thirty days to dispute the debt.

54.     In contradiction to this language, AF also demanded in the same letter "Settle your judgment **NOW** for a lump sum of $2232.20." (Emphasis added)

55.     This settlement offer was thousands lower than the amount previously sought by LVNV via NRC, and Plaintiff felt trapped and pressured to pay the amount "now" to be done

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

with the problem.

56.    While Plaintiff certainly had a dispute, the "now" language made Plaintiff feel that he did not in fact have the time indicated on the letter to dispute the debt.

57.    AF's initial collection letter also advised Plaintiff that AF was going to forward the judgment to an attorney for execution.

58.    This was a false threat in connection with the collection of a debt.

59.    AF was never going to forward the judgment to any attorney because the judgement could never be collected against Plaintiff and all Defendants were aware of this fact.

60.    Plaintiff was incredulous, frustrated, stressed, and angry.  Plaintiff knew that neither LVNV or any of its collection agents would honor his valid dispute of the debt.  Plaintiff decided his only option was to retain an attorney on the debt to deal with Defendants, and Plaintiff retained and became indebted to an attorney shortly after receiving the letter from AF.

61.    Plaintiff obtained and reviewed his credit report to be sure that the debt was not his, and there was no evidence of Sears, LVNV, NRC, AF, or anyone else on his credit report related to this debt.  There is no judgment on his credit report.  The debt is not Plaintiff's, and Defendants know it.

62.    As a result of NRC's, AF's, and LVNV's conduct above, Plaintiff felt harassed and frustrated.

63.    NRC's, AF's and LVNV's above-described conduct has caused Plaintiff to incur actual damages including, but not limited to: attorneys' fees paid to his counsel, anxiety, frustration and worry.

8

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

64.     Further, NRC's, AF's, and LVNV's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

      a.  Plaintiff was deprived of truthful information about the debt because NRC, AF, and LVNV misrepresented that the debt was valid when they knew that the debt was not valid and that Plaintiff was not the true debtor; and

      b.  Plaintiff was deprived of truthful information about the debt because NRC, AF, and LVNV made it appear that Plaintiff had no right to dispute the debt.

65.     The injuries in fact are fairly traceable to the challenged actions of NRC, AF, and LVNV in that NRC, AF, and LVNV made the violative communications directly with Plaintiff in the letters and during the phone calls referenced in this suit.

66.     Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA - ALL DEFENDANTS

67.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

68.     In its attempts to collect the alleged debt from Plaintiff, NRC, AF, and LVNV have committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a.     All Defendants have falsely represented the character, amount, or legal status of the alleged debt, specifically that Plaintiff was the true debtor, that the judgment was valid and against Plaintiff, and that legal action could be taken against Plaintiff on the debt.  15 U.S.C. § 1692e;

9

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

b.      All Defendants are liable for engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including, but not limited to: various actions designed to collect the debt from Plaintiff when Defendants knew or should have known Plaintiff was not the true debtor, making false threats of attorney involvement, making false threats about placing a lien on Plaintiff's home and bank accounts, refusing to acknowledge Plaintiff's right to dispute the debt, and trying to collect a debt from Plaintiff that Defendants knew Plaintiff did not owe.  15 U.S.C. § 1692d-f; and

c.      Overshadowing Plaintiff's dispute and validation rights by demanding payment within the validation period by continuing to take collection action against Plaintiff, while a dispute was pending, and by refusing to validate the debt upon a proper request.  15 U.S.C. § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against NRC, AF, and LVNV, jointly and severally, for:

A.      Judgment that NRC's, AF's, and LVNV's conduct violated the FDCPA;

B.      Actual damages in an amount to be determined by the jury;

C.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.      For such other relief as the Court may deem just and proper.

## COUNT II: ABUSE OF PROCESS - DEFENDANT LVNV

69.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

70.     Defendant LVNV made an illegal, improper and perverted use of process by

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

taking judgment against Plaintiff without obtaining service on Plaintiff, then again by issuing garnishments to Ace Metal.

71.    Defendant LVNV had an improper purpose in taking all of these actions, namely, to harass and oppress Plaintiff "for the fun of it" and in mean-spirited fashion and also to bait Plaintiff into "settling" a non-existent debt that LVNV had no right to collect from Plaintiff.

72.    Defendant LVNV's abusive ends in taking these actions are not authorized by that process.

73.    Defendant LVNV's abuse of process has caused Plaintiff to suffer actual monetary loss, damaged credit, expenditure of attorneys' fees, humiliation, embarrassment, and oppression.

74.    Defendant LVNV's actions were wanton, willful, and made in deliberate disregard of Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant LVNV for:

A.    Actual damages in an amount to be determined at trial;

B.    Punitive damages in the largest amount allowable by law; and

C.    For such other and further relief as the Court deems proper.

## COUNT III: DEFAMATION - DEFENDANT LVNV

75.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

76.    Defendant LVNV repeatedly published to NRC, to AF, to Ace Metal, and to other

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

third parties from 2016 to present statements that Plaintiff had an unpaid debt of thousands of dollars and that Plaintiff was liable for a judgment related to this unpaid debt.

77.    Defendant LVNV identified Plaintiff in all of these statements.

78.    Defendant LVNV's statements were all false because Plaintiff did not owe the debt; there was no judgment against Plaintiff, and Plaintiff was not liable to be garnished.

79.    Defendant LVNV acted with malice in making these statements because it knew the statements were false, it knew the statements would damage Plaintiff, and LVNV made the statements anyway in order to pressure Plaintiff into paying a debt that was not his.

80.    Defendant LVNV's statements caused Plaintiff to suffer actual loss in the form of attorneys fees, damaged reputation, and loss of money.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant LVNV for:

A.    Actual damages in an amount to be determined at trial;

B.    Punitive damages in the largest amount allowable by law; and

C.    For such other and further relief as the Court deems proper.

Electronically Filed - St Louis County - February 14, 2018 - 02:03 PM

Respectfully submitted,

**ROSS & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.

By: _____

Richard A. Voytas, Jr. #52046
Email: rick@rossvoytas.com
Nathan E. Ross
Email:nate@rossvoytas.com
12444 Powerscourt Drive Suite 370
St. Louis, Missouri 63131
Phone: 314-394-0605
Fax: 636-333-1212

Attorneys for Plaintiff

13